IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID J. WOOD, TRUSTEE OF THE
RICHARD T. SMITH FAMILY TRUST #2                                           PLAINTIFF

v.                                              No. 4:03CV00800 GH

REASSURE AMERICA LIFE INSURANCE
COMPANY, A SUCCESSOR BY MERGER OF
THE MIDLAND LIFE INSURANCE COMPANY                                        DEFENDANT

## ORDER

Pending before the Court are several of motions which are ready for decision. The Court now makes the following rulings:

1. Plaintiff has stated in the February 8th status report that the March 23, 2004 motion to compel regarding the first set of requests for production of documents is not moot with respect to the documents listed on defendant's list entitled "Confidential/Work Product Reviewed by Daniel Drabik Prior to His Deposition." Thus, the Court will address the merits of that issue.

Plaintiff states that these documents are relevant to the issues of whether the policies are contestable and to the claim of bad faith. However, the Court has now ruled on those issues making their relevance to those arguments moot. The March 23, 2004 motion (#39) to compel has been rendered moot.

2. Plaintiff has stated in the February 8th status report that the September 22nd motion to compel has been rendered moot as to the report of Bruce Engstrom, but is not moot as to any supplemental

report or opinion of Engstrom given after his deposition. However, the Court notes that in the October 28th response to plaintiff's October 15th motion to strike certain witnesses, defendant points out that plaintiff's counsel has had full access to and received reports as to those experts that were prepared for the case of <u>Mays v. Reassure</u>. The Court is persuaded that this motion (#65) has been rendered moot.

3.   The plaintiff's September 28th motion (#70) to compel regarding the claim files is denied in light of the Court's rulings as to contestibility and bad faith.

4.   As defendant's March 18th status report – which was to address the status of the various pending motions – did not indicate that rulings were needed as to the October 1st motion (#72) to quash by Bank of Salem, the October 7th motion (#78) to quash by Stephens Security Bank, the October 18th motion (#88) to quash by Bank of Salem, the October 20th motion (#91) to quash by Stephens Security Bank, and the October 20th motion (#93) to quash by Stephens Security Bank, it appears that those motions[1] are now moot.

5.   Plaintiff's October 12th motion (#80) to quash subpoena and November 4th supplemental motion (#105) to quash appear to have been rendered moot per plaintiff's February 9th status report.

6.   Plaintiff's October 15th motion (#84) to strike Engstrom, McMillan and Drabik as witnesses and to exclude or prohibit the use of any rebuttal experts has been rendered moot as to Drabik per plaintiff's February 9th status report and is denied in part as to Engstrom and McMillan. The Court is persuaded, in light of defendant's October 28th response regarding the <u>Mays</u> case and the disclosures in the <u>Bailey</u> case, which has since settled, that plaintiff has received the reports necessary to prepare for these witnesses' testimony.

---

[1] All these motions were seeking to quash subpoenas issued by defendant.

7.	Defendant's November 1st motion (#102) to extend discovery cutoff for limited purposes has been rendered moot per its March 18th status report.

8.	Plaintiff's November 10th motion (#107) to strike the defendant's rebuttal expert Bernstein is denied. The Court is persuaded, in light of the continuance from the January 18th trial setting, and defendant's offer to make him available for deposition that defendant has timely disclosed Bernstein.

9.	Plaintiff's December 29th motion in limine (#136) is denied as to the underwriting guidelines; Bernstein and McMillan; and counterclaim for recession in light of the Court's other rulings on those matters. The motion is further denied as to the deposition of Carol Reaves being taken after the discovery deadline and as more than ten depositions. The motion is also denied as to alleged misrepresentation as to income or net worth as to Howell in light of this Court's separate ruling on the issue of "causally related." The portions of the motion regarding Richard T. Smith and his children claiming the Fifth Amendment privilege and their financial conditions are denied without prejudice to renew during the context of the trial. Counsel for the defendant is to advise the Court and plaintiff's counsel before broaching this issue before the jury. The portion of the motion as to Smith being the subject of a criminal investigation has been rendered moot consistent with the finding of Judge Wright in her February 11th order in Bailey. The motion is denied as to Howell's alleged use of drugs and alcohol in 2001 and 2002 as well as his financial conditions in 2001 and 2002 based on the reasons as to relevancy set forth by Judge Wright in the February 11th Bailey order. Finally, the motion is denied without prejudice to renew during the context of the trial as to the attorney-client privilege involving plaintiff. Counsel for the defendant is to advise the Court and plaintiff's counsel before broaching this issue before the jury.

10.     The February 11th motion (#150) to show cause by Smith for violating the October 28th protective order is denied without prejudice.  The Clerk is directed to place the items from defendant's November 18th summary judgment motion (#113) that are identified in Paragraph No. 10 on page 3 of Smith's motion under seal.

IT IS SO ORDERED this 29th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE